UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAREEM OMAR JONES,

                            Petitioner,                      20-CV-05348 (AT) (SN)

     -against-                                        **ORDER**

SUPERINTENDENT S. CRONIN,

                            Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Before the Court are the Petitioner's two motions: first, requesting that the Court appoint him counsel, and second, requesting that the Court grant him an evidentiary hearing. See ECF Nos. 20, 23. Both motions are DENIED.

      First, there is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides that a court may appoint counsel to an indigent person when "the interests of justice so requires." 18 U.S.C. § 3006(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. See, e.g., Zimmerman v. Burge, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing Cooper A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); In re Pizzuti, No. 10-cv-00199, ECF No. 26, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues, and the applicant's ability to investigate and present the case. See Cooper, 877 F.2d at 172; Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Court has considered those factors and, in agreement with Judge Torres's ruling at

ECF No. 4, finds that appointment of counsel is not warranted. See Lowenfield v. Phelps, 484 U.S. 231, (1988).

Second, Petitioner requests an evidentiary hearing to present evidence about testimony he would have given had he been called before the grand jury. An evidentiary hearing for this purpose is not appropriate under federal habeas review because the right to testify at the grand jury is a state-created, not constitutional right. In any event, any error in precluding such testimony has been rendered harmless by his conviction. See, e.g., Webb v. LaClair, No. 10-cv-07603 (PGG) (HBP), 2014 WL 4953559, at *21 (S.D.N.Y. Sep. 30, 2014) ("A trial jury's finding of guilt beyond a reasonable doubt conclusively establishes that any deprivation of the state-created right to testify before the grand jury is harmless.").

Given that this matter is fully briefed and ready for disposition, the Court finds that the motions at ECF Nos. 20 and 23 should be DENIED with PREJUDICE. The Petitioner shall not renew the motions absent leave of Court. Respectfully, the Clerk of Court is directed to mail a copy of this Order to the Petitioner.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: July 22, 2021
New York, New York