UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM OMAR JONES,

                Petitioner,

-against-

SUPERINTENDENT S. CRONIN,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _12/14/2023_

20 Civ. 5348 (AT) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Petitioner *pro se*, Kareem Omar Jones, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Pet., ECF No. 1. The Court referred the Petition to the Honorable Sarah Netburn for a report and recommendation. ECF No. 5. Before the Court is Judge Netburn's Report and Recommendation (the "R&R"), dated April 29, 2022, which recommends that the Petition be denied. *See generally* R&R, ECF No. 30. On May 27, 2022, Jones filed timely objections to the R&R. Pet'r Objs., ECF No. 33.

    For the reasons stated below, the Court OVERRULES Jones's objections to the R&R, ADOPTS the R&R's conclusions, and DENIES the Petition.

**DISCUSSION**[1]

I.    Standard of Review

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in Judge Netburn's R&R, and does not summarize them here.

"strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

2

II. <u>Petitioner's Objections</u>

According to the arresting officer, Jones was instructed to exit his vehicle and place his hands on the trunk. R&R at 2. When Jones did so, "multiple items hit the ground, including small bags with pills and a white substance." *Id.* at 2. This gave the officer probable cause to arrest Jones and search his car. *Id.* at 4. For the first time, however, Jones now claims in his objections that "[e]ye witness testimony establishes that no white powder fell [from his] pocket." Pet'r Objs. at 10. His argument fails for several reasons. First, without more detail, this conclusory statement is insufficient to find that Judge Netburn clearly erred in her analysis. Further, where, as here, a petitioner's claim has been adjudicated on the merits in state court, federal habeas review is limited to determinations that the state adjudication was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); *see Johnson v. Williams*, 568 U.S. 289, 292 (2013). Jones's statement fails to provide a sufficient basis for making such a determination. Finally, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Gladden*, 394 F. Supp. 3d at 480. For these reasons, the Court adopts the R&R as to this point.

Jones's other objections retrace the arguments made in the Petition. As in the Petition, the objections pertain to whether (a) the arresting officer had reasonable suspicion, Pet'r Mem. at 4–8, ECF No. 21; Pet'r Objs. at 2–7; (b) Jones's trial counsel was ineffective, Pet'r Mem. at 11–15, 24–32; Pet'r Objs. at 2; (c) the verdict was against the weight of the evidence, Pet'r Mem. at 16–18; Pet'r Objs. at 8–10, and (d) the court's second *Allen* charge was coercive, Pet'r Mem. at 19–21; Pet'r Objs. at. 10–11. Judge Netburn's thorough and well-reasoned R&R addresses each of

these issues. R&R at 9–22. Because Jones "simply reiterates [his] original arguments," the Court reviews the R&R "strictly for clear error," *Harris*, 338 F. Supp. 3d at 174, and concludes that Judge Netburn did not clearly err in her analysis.

The Court has reviewed the remainder of the R&R for clear error and found none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Jones's objections to the R&R, ADOPTS the R&R in its entirety, and DENIES Jones's petition. Jones's motion for leave to amend is DENIED.

The Clerk of Court is directed to close this matter and mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated: December 14, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge